**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No._____

---

David Betts,

Individually,

       Plaintiff,

v.

Work Zone Traffic Control, Inc.
a Colorado corporation,

       Defendant.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, David Betts, by and through counsel, CORNISH & DELL'OLIO, P.C. and for his Complaint against the Defendant, states as follows:

**Introduction**

1.    This is an action for violation of Section 15(a)(3) federal Fair Labor Standards Act which prohibits retaliation against any employee who makes an oral or written complaint of a violation of the Act. (29 U.S.C. § 201 *et. seq.*).

**Jurisdiction**

2.    The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331.

**Venue**

3.      All acts giving rise to the cause of action occurred in the State of Colorado.

**Parties**

4.      Plaintiff is a natural person who was employed as a Traffic Control Supervisor for the Defendant for more than eight years.

5.      The Defendant, Work Zone Traffic Control, Inc. is a Colorado corporation.

6.      At all times relevant to the Complaint the Defendant corporation was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)) with gross sales of more than $500,000.00 per year.

7.      At all times relevant to the Complaint the Defendant corporation was an employer within the meaning of Section 3(d) of the Act.

**First Cause of Action**
**(for violations of the federal Fair Labor Standards Act 29 U.S.C. § 215(a)(3))**

8.      Paragraphs 1 through 7 are incorporated herein by reference.

9.      Defendant is in the business of providing and executing traffic control plans along public highways where construction work is being undertaken.

10.     Plaintiff was employed by Defendant as a Traffic Control Supervisor.

11.     The job duties of a Traffic Control Supervisor are to set up signs and equipment at sites where the Defendant's customers are undertaking construction projects.

12.     Mr. Betts job duties included loading signage and equipment on to trucks, driving to sites, unloading and placing equipment at sites according to written traffic control

–2–

plans provides to him.

13.     For substantially all of Plaintiff's employment  with Work Zone Traffic Control, Inc. Plaintiff was properly classified as a nonexempt  employee under the federal Fair Labor Standards Act and was paid time and one-half for hours worked over forty in a single work week.

14.     In April 2015 Defendant's owners decided that the Defendant was paying Plaintiff too much in overtime.

15.     Defendant's owners decided to reclassify Plaintiff as exempt and pay him a salary of $800.00 a week and stopped paying him overtime.

16.     Plaintiff objected to the Defendant's failure to pay him overtime and when Defendant refused to pay his overtime Plaintiff hired a lawyer.

17.     On September 21, 2015 Mr. Betts through his attorney notified the Defendant that he was misclassified as exempt and was owed $23,783.50 in overtime pay.

18.     The Defendant's failure to pay David Betts one-and-one-half times his regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. § 207).

19.     Defendant through its attorney eventually reached a settlement of David Betts overtime claim.

20.     On June 10, 2016 Plaintiff received his paycheck for the week of May 29- June 4, 2016.

21.     Mr. Betts' paycheck was short 15 hours.

22.     Mr. Betts complained to a clerk, "Kelsey" who referred him to John Volk III, one of the owners.

23.     Mr. Volk justified the short paycheck by claiming that Mr. Betts had not been at a store (O'Reilly's) picking up a part for his truck at 8:15 p.m. on May 31, 2016 as recorded on his time sheet.

24.     Mr. Volk also claimed that Mr. Betts had improperly recorded travel time on his timesheets.

25.     Mr. Betts explained to Mr. Volk that he had been at O'Reilly's at 8:15 p.m. on May 31, 2016 as recorded on his time sheet.

26.     In fact, Mr. Betts had a time stamped receipt from O'Reilly's for his purchase.

27.     Mr. Betts explained to Mr. Volk that in his opinion he had not improperly charged travel time as work time.

28.     The 15 hours which Mr. Volk deducted from Mr. Betts pay bore no relationship to any disputed travel time.

29.     Mr. Volk arbitrarily deducted 15 hours from Mr. Betts' pay.

30.     The Defendant failed to pay Mr. Betts for hours worked over forty at one and one-half his regular rate of pay for the week of May 28, 2016-June 4, 2016.

31.     On June 29, 2016 at 10:49 a.m. Mr. Betts sent a message to Bob Andrews a Safety Manager telling him that he was upset because he had not been paid for all hours worked.  He stated that "I'm getting ready to go round two with JV he arbitrarily three weeks ago took 15 hours off my weeks time sheet."

32.     Mr. Betts' employment with Work Zone Traffic Control, Inc. was terminated on the afternoon of June 29, 2016 without explanation.

33.     Mr. Betts' employment was terminated in retaliation for complaining about Mr. Volk's failure to pay him for all hours worked during the week of May 28, 2016.

34.     Alternative to paragraph 32 Mr. Betts employment was terminated in retaliation for hiring a lawyer, requiring that he be properly classified as non exempt and/or making a demand for unpaid overtime compensation.

35.     Mr. Betts suffered damages as the result of the wrongful termination of his employment.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendant corporation in an amount which will compensate him for his losses, including:

1.     Back pay,

2.     Liquidated damages,

3.     Reinstatement or front pay,

4.     Attorney's fees and costs.

Respectfully submitted this 22nd day of July, 2016.

CORNISH & DELL'OLIO, P.C.

By:  s/Donna Dell'Olio
Donna Dell'Olio #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

Phone: (719) 475-1204
Fax: (719) 475-1264
ddellolio@cornishanddellolio.com
Attorney for Plaintiff

Plaintiff's Address:
14 Grissom Place
Pueblo, CO 81001