# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 16-cv-01890-CMA-MJW

DAVID BETTS,

    Plaintiff,

v.

WORK ZONE TRAFFIC CONTROL, INC.,

    Defendant.

---

## ORDER AFFIRMING MAGISTRATE JUDGE WATANABE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

---

This matter is before the Court on Plaintiff David Betts's Objection (Doc. # 50) to an Order issued by Magistrate Judge Michael J. Watanabe on June 28, 2017 (Doc. # 49), wherein Magistrate Judge Watanabe denied Plaintiff's Motion to Compel Defendant Work Zone Traffic Control Inc. to provide Plaintiff with various GPS records (Doc. # 35). For the following reasons, this Court overrules Plaintiff's Objection and affirms Magistrate Judge Watanabe's Order.

## I.    BACKGROUND

Magistrate Judge Watanabe's Order (Doc. # 49) provides an extensive recitation of the applicable factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Additional factual background will be reiterated only to the extent necessary to address Plaintiff's Objection.

## II. STANDARD OF REVIEW

When a magistrate judge issues an order on a nondispositive pretrial matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

## III. ANALYSIS

### A. TIMELINESS

Plaintiff first objects to Magistrate Judge Watanabe's conclusion that Plaintiff's Motion to Compel was untimely filed. The Court overrules that objection.

1. Law

Although the Federal Rules of Civil Procedure to not provide a strict deadline for filing a motion to compel, most courts look to the discovery deadline date in considering whether a motion to compel is timely. *See Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 Fed. Appx. 505 (6th Cir. 2014) (finding district court did not abuse discretion in denying motion to compel discovery of certain compact discs when employee did not seek their production prior to discovery deadline and CDs were identified in documents in employee's possession); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D.

395, 397–98 (N.D. Tex. 2006) (collecting cases) (untimely when filed two weeks after discovery deadline, even though filed on day of scheduling order deadline for all motions); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) ("Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200–01 (E.D. Mich. 2002) (filed after the close of discovery even though the moving party had all the information it needed to file the discovery motion earlier). Courts also look to the following factors when assessing timeliness: (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule. *See Days Inn Worldwide*, 237 F.R.D. at 398.

    2. <u>Analysis</u>

A Scheduling Order issued on September 29, 2016. (Doc. #19.) That Order set February 21, 2017, as the deadline for discovery requests and March 27, 2017, as the discovery cut-off date. (*Id*.) On October 28, 2016, Plaintiff served written discovery on Defendant, including a request for GPS records. On January 10, 2017, Defendant responded to the written discovery, objecting to the request for GPS records as disproportionate to the needs of the case and as otherwise available from a third party.

On March 2, 2017, Plaintiff filed a motion to compel Defendant to produce timesheets and payroll records. Plaintiff, aware of Defendant's objection from January 10, 2017, could have requested Defendant also produce GPS records, but Plaintiff did not. On April 18, 2017, the Court granted Plaintiff's motion and compelled Defendant to produce timesheets and payroll for six employees by May 5, 2017. The Court also extended discovery to May 26, 2017, for the limited purposes of (1) allowing Defendant to produce the time sheets and payroll records and (2) allowing Plaintiff the opportunity to depose up to nine individuals. (Doc. # 32.) Defendant produced the time sheets and payroll records on May 5, 2017. Plaintiff did not conduct depositions. On May 12, 2017, Plaintiff filed the instant Motion to Compel, wherein Plaintiff requested that the Court order Defendant to produce GPS records.

Considering this timeline, the Court agrees with Magistrate Judge Watanabe that Plaintiff's Motion to Compel was untimely filed. Contrary to Plaintiff's present contentions, the extension of the discovery deadline — from March 27 to May 26, 2017 — expressly applied narrowly as set forth above. The extension did not open the door to new discovery requests, including the production of GPS documents from Defendant. Nor has Plaintiff demonstrated that any of the eight factors set forth above warrant reversing Magistrate Judge Watanabe's conclusion. To the contrary, the vast majority of those factors, particularly factors 1–5, weigh against a finding of timeliness.

Because this Court is not left with "the definite and firm conviction that a mistake has been committed," *Ocelot Oil Corp.*, 847 F.2d at 1464, Plaintiff's objection on grounds of timeliness is overruled.

**B. LEGAL BASIS UNDER RULE 26(B)(1)**

Plaintiff also objects to Magistrate Judge Watanabe's conclusion that Plaintiff failed to establish a legal basis sufficient to support his Motion to Compel under Rule 26(b)(1). The Court overrules the objection.

1. <u>Law</u>

    Rule 26(b)(1) provides,

    > Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. <u>Analysis</u>

As a preliminary matter, the Court addresses Defendant's contention that Plaintiff failed to address portions of Rule 26 such that his present arguments should be considered waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Although thinly argued and not specifically cited, Plaintiff did reference one Rule 26 factor in his Motion to Compel — the relevance of the GPS records to his claims and defenses. (Doc. # 35.) However, Plaintiff did not address any other Rule 26 factors, including whether the requested information was "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"— all of which Plaintiff now raises in his Objection. The Court accordingly considers those arguments waived and declines to address them.

Moreover, after considering the preserved arguments set forth in Plaintiff's objection, the Court finds no clear error with regard to Magistrate Judge Watanabe's conclusion that Plaintiff failed to establish a legal basis for the requested relief. Indeed, Plaintiff's only delineated reason for requesting the Court to compel production was, essentially, that he really needed the information. And, again, this is information that he could have requested to have compelled much sooner in litigation or attempted to obtain from a third party using a Rule 45 subpoena — before the discovery deadlines had expired. *See Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) ("[A] party's right to obtain discovery . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case . . . or to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Because this Court is not left with "the definite and firm conviction that a mistake has been committed," Plaintiff's objection on grounds that Magistrate Judge Watanabe misapplied Rule 26 is overruled.

## IV. <u>CONCLUSION</u>

Accordingly, Plaintiff's Objection (Doc. # 50) is OVERRULED and Magistrate Judge Watanabe's Order (Doc. # 49) is AFFIRMED.

DATED: August 9, 2017　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　CHRISTINE M. ARGUELLO
　　　　　　　　　　　　　　　　　　United States District Judge