**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-01890-CMA-MJW

DAVID BETTS,

    Plaintiff,

v.

WORK ZONE TRAFFIC CONTROL, INC.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Work Zone Traffic Control, Inc.'s Motion for Summary Judgment. (Doc. # 48.) For the reasons stated below, the Court grants Defendant's Motion.

### I.  BACKGROUND

Plaintiff David Betts commenced this suit on July 22, 2016, alleging retaliation under the Fair Labor Standards Act ("FLSA") in violation of 29 U.S.C. § 215(a)(3). (Doc. # 1.) Defendant moved for summary judgment on June 26, 2017.

The following facts are undisputed. Defendant employed Plaintiff as a full-time Traffic Control Supervisor. He was classified as a nonexempt employee under the FLSA and was paid time and one-half for hours worked over 40 in a single work week. In April 2015, Defendant reclassified Plaintiff as a salaried employee exempt from overtime pay. Objecting to Defendant's reclassification and refusal to pay him overtime,

Plaintiff hired a lawyer who notified Defendant in September 2015 that Plaintiff was misclassified as an exempt employee and owed overtime pay. The parties reached a settlement of this claim, pursuant to which Defendant reclassified Plaintiff from salaried to hourly.

During the week of May 29 - June 4, 2016, Plaintiff claimed entitlement to 59 hours of pay, including 19 overtime hours. Plaintiff received his paycheck on June 10, 2016, and noticed his paycheck was short 15 hours. He called John Volk, an owner of Work Zone Traffic Control, Inc. Defendant contends Mr. Volk communicated that he believed Plaintiff had claimed 15 more hours than Plaintiff was entitled to. (Doc. ## 51 at 3, 48 at 11.) Plaintiff, however, contends Mr. Volk never explained why he had deducted those hours from his paycheck. (Doc. # 51 at 6.)

During the week of June 5-11, 2016, Plaintiff claimed entitlement to 75.5 hours of pay, including 35.5 overtime hours. On June 15, 2016, Mr. Volk sent Plaintiff a text stating, "Hey Betts, no more weekend time for paperwork and shop stuff make sure and get that done daily when your[sic] working!" (Doc. # 48-3 at 142.) Mr. Volk also instructed that Plaintiff get assistance when moving several message boards because working 7 hours overtime at night to move them alone was "not acceptable." (Doc. # 48-3 at 142–43.) He explained that such time was not billable to Defendant's customers and asked Plaintiff to "maintain better time management" while working. (Doc. # 48-3 at 143.)

During the following two weeks, despite this directive that he was not to work on weekends, Plaintiff claimed entitlement to hours for time spent driving to and from

O'Reilly Auto Parts on Saturday, June 18, 2016, and for time spent working at Defendant's Pueblo shop on Sunday, June 19, 2016.

On the morning of June 29, 2016, while replying to his manager's text regarding a topic unrelated to Plaintiff's paychecks, Plaintiff expressed his intent to "go round two" with Mr. Volk to settle his pay dispute concerning the missing 15 hours of overtime pay. (Doc. # 51-4 at 123–25.)  Later that day, Plaintiff was terminated for insubordination. He was paid the 15 overtime hours upon termination.  (Doc. ## 48 at 13, 48-3 at 150.)

## II.    STANDARD OF REVIEW

### A.    SUMMARY JUDGMENT STANDARD

When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Hinsdale v. City of Liberal*, 19 Fed. Appx. 749, 754 (10th Cir. 2001).  Summary judgment is warranted when the movant shows that there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. *DP-Tek, Inc. v. AT&T Glob. Info. Sols. Co.*, 100 F.3d 828, 831 (10th Cir. 1996).  A fact is "material" if it is essential to the proper disposition of the claim under the relative substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  In attempting to meet this

standard, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the non-moving party's claim; rather, the movant need simply point out to the Court a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). After the movant has met its initial burden, the non-moving party must provide "significantly probative evidence" that would support a verdict in its favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).

**B.     FLSA RETALIATION CLAIM**

It is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). If a jury finds that a plaintiff claiming retaliation would have been terminated regardless of the plaintiff's FLSA activity, it is required to find in favor of the defendant. *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997) (citing *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1484 (10th Cir. 1996)).

In analyzing FLSA retaliation claims, where the plaintiff cannot provide direct evidence of retaliation, courts apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See, e.g., Conner*, 121 F.3d at 1394. Under this framework, the plaintiff must first establish a prima facie case of retaliation by showing that (1) the plaintiff engaged in an activity protected by the FLSA, (2) the plaintiff suffered adverse action by the employer subsequent to or

4

contemporaneous with such employee activity, and (3) a causal connection existed between the employee's activity and the employer's adverse action. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208–09 (10th Cir. 1997). The burden then shifts to the defendant to produce a non-retaliatory reason for the plaintiff's termination. *Id*. at 208. After the defendant meets this burden of production, the presumption of discrimination established by the prima face case "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). The burden shifts back to the plaintiff to show that "there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual." *Richmond*, 120 F.3d at 208. The plaintiff must produce evidence from which a reasonable jury could believe that the defendant's proffered reason is "unworthy of belief" in order to survive summary judgment. *Conner*, 121 F.3d at 1397.

### III.   ANALYSIS

For the purposes of this summary judgment motion, the Court finds that Plaintiff has established a prima facie case of retaliation. Plaintiff engaged in a protected activity when he called Mr. Volk on June 10, 2016, to complain about the 15 missing hours from his paycheck.[1] *See Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir. 1984) (unofficial assertions of rights through complaints at work are protected). Plaintiff suffered an adverse employment action when he was terminated on June 29, 2016. *Lewis v. Okla. ex rel. Bd. of Regents*, 42 Fed. Appx. 160, 170 (10th Cir. 2002) (termination constitutes adverse employment action). The temporal proximity between

---

[1] Plaintiff's text expressing his intent to "go round two" with Mr. Volk could also constitute a protected activity under the FLSA.

the June 10 protected activity and the June 29 adverse employment action is sufficient to establish a causal connection satisfying the third prong. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (six-week time period between protected activity and adverse employment action sufficient to satisfy third prong).

The burden thus shifts to Defendant to produce a legitimate, non-retaliatory reason for its adverse action. Defendant contends it terminated Plaintiff's employment for insubordination because Plaintiff disregarded company drive time policies and defied Mr. Volk's June 15 text instructing Plaintiff not to perform overtime shop work during weekends. (Doc. ## 16 at 5, 48-4, 48-3 at 150.) Because Defendant has proffered a legitimate, non-retaliatory reason for its action, the burden shifts back to Plaintiff to provide sufficient evidence that Defendant's reason is pretextual such that a jury could find it unworthy of belief. *Randle v. City of Aurora*, 69 F.3d 441, 456 (10th Cir. 1995).

Plaintiff fails to meet this burden. Plaintiff argues Defendant's proffered reason is pretextual because it "is probably false." (Doc. # 51 at 16.) Specifically, Plaintiff argues that he was complying with the company's drive time and vehicle maintenance policies and that other similarly-situated employees—i.e. Traffic Control Supervisors—are permitted to perform weekend shop work. Plaintiff's arguments are insufficient to raise a material dispute as to whether Defendant's reason is pretextual because Plaintiff does not adequately respond to Defendant's reason—insubordination—for his discharge. As mentioned, it is undisputed that Mr. Volk sent Plaintiff a text on June 15 instructing Plaintiff not to perform shop work during weekends. Mr. Volk's text expresses his concern that Plaintiff's overtime hours were costing the company too much money and

asked that Plaintiff maintain better time management during the workweek. It is also undisputed that Plaintiff defied Mr. Volk's instruction by, among other things, performing work at the Pueblo shop on a Sunday four days after receiving the text. In determining whether the proffered reason for a decision is pretextual, the Court must "examine the facts as they appear to the person making the decision" and not "to the plaintiff's subjective evaluation of the situation." *E.E.O.C. v. C.R. England*, 644 F.3d 1028, 1044 (10th Cir. 2011). Plaintiff has failed to provide sufficient evidence from which a rational juror could conclude that Defendant's legitimate, non-retaliatory reason is pretextual. Defendant is therefore entitled to summary judgment on Plaintiff's FLSA retaliation claim.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion for Summary Judgment (Doc. # 48). It is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED:  October 31, 2017                         BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge