**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-01890-CMA-MJW

DAVID BETTS,

    Plaintiff,

v.

WORK ZONE TRAFFIC CONTROL, INC.,

    Defendant.

---

**ORDER GRANTING MOTION FOR EXTENSION OF TIME, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

---

This matter before the Court on Plaintiff's Motion to Extend the Time to File Appeal (Doc.# 78), Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (Doc. # 77), and Motion for Appointment of Counsel (Doc. # 76), which Plaintiff filed *pro se* on December 1, 2017.

First, the Court grants Plaintiff's Motion for an Extension of Time (Doc. #78), wherein he asks the Court to extend the time for filing a notice of appeal from the order and judgment of dismissal entered on October 31, 2017.   The Court treats this motion as filed pursuant to Fed. R. App. P. 4(a)(5)(A).   In civil cases, pursuant to Fed. R. App. P. 4(a)(1), a notice of appeal must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered.   This time limit is "mandatory and jurisdictional."   *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 777 (10th Cir. 1993) (citations om16-itted).   Under Fed. R. App. P. 4(a)(5)(A)(i), a district court may extend the time to file a notice of appeal if a party so moves no later than thirty days after the

initial thirty days for filing an appeal expires and shows excusable neglect or good cause for an extension, Fed. R. App. P. 4(a)(5)(A)(ii).

Pursuant to Fed. R. App. P. 4(a)(1), Plaintiff was required to file a notice of appeal by November 30, 2017.  The additional thirty days allowed by Fed. R. App. P. 4(a)(5)(A)(i) extends Plaintiff's deadline to December 30, 2017.  The Court finds that Plaintiff's December 1, 2017, request is within the time allowed and that he has shown minimal good cause.  The Court notes, however, that no extension under Rule 4(a)(5) may exceed thirty days after the prescribed time or fourteen days after the date when the order granting the motion is entered, whichever is later.  See Rule 4(a)(5)(C).

The Court next denies Plaintiff's Application to Proceed (Doc. # 77) as premature and, in the alternative, for failure to meet one of the threshold requirements in seeking leave to proceed *in forma pauperis* on appeal by failing to file the request on a proper Court-approved form.  The Court also denies Plaintiff's Motion for Appointment of Counsel (Doc. # 76) as premature but with leave to refile in the United States Court of Appeals for the Tenth Circuit, if and when Plaintiff files a Notice of Appeal.

Accordingly, the Court ORDERS that Plaintiff's Motion to Extend the Time to File Appeal (Doc. #78) is GRANTED, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. # 77) and Motion for Appointment of Counsel (Doc. # 76) are DENIED WITHOUT PREJUDCE, i.e. with leave to re-file.

DATED: December 8, 2018                    BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge