**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-01890-CMA-MJW

DAVID BETTS,

      Plaintiff,

v.

WORK ZONE TRAFFIC CONTROL, INC.,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO ADJUDICATE AND/OR CERTIFY
THE FINAL JUDGMENT**

---

This matter is before the Court on Plaintiff David Betts' Motion to Adjudicate

and/or Certify the Final Judgment. (Doc. # 109.) For the reasons that follow, the Court

grants the Motion.

## I.     BACKGROUND

The facts giving rise to this case have been set forth at length elsewhere and will

not be restated here except as relevant to resolving the present motion. *See* (Doc. #

71).

On October 31, 2017, this Court entered an Order Granting Defendant's Motion

for Summary Judgment with respect to the only claim Plaintiff raised in his Complaint.

(*Id*.) Plaintiff appealed that decision before the Court had ruled on any of the three

counterclaims Defendant raised in its Answer. (Doc. # 81.) On January 2, 2018, the

Tenth Circuit Court of Appeals issued an order directing Plaintiff to file an order from this

Court adjudicating Defendant's counterclaims or certifying its summary judgment order as final pursuant to Rule 54(b). (Doc. # 92.)

Subsequently, this Court dismissed Defendant's counterclaims without prejudice and dismissed the case. (Doc. # 104.) Accordingly, Plaintiff filed a second Notice of Appeal. (Doc. # 99.) However, on April 11, 2019, the Tenth Circuit issued an order indicating that because Defendant's counterclaims were dismissed without prejudice, the judgment of this Court was not final and appealable. (Doc. # 107 at 2.) The Tenth Circuit again directed Plaintiff to file an order from this Court adjudicating Defendant's counterclaims or certifying its summary judgment order as final pursuant to Rule 54(b). (*Id*.)

Thus, on April 26, 2019, Plaintiff filed a Motion to Adjudicate and/or Certify the Final Judgment. (Doc. # 109.) Defendant filed a Response (Doc. # 110) on May 1, 2019, in which it indicated that it was unopposed to Plaintiff's Motion insofar as the Motion seeks certification from this Court that its summary judgment order is final for purposes of Rule 54(b).

## II.     ANALYSIS

Federal Rule of Civil Procedure 54(b) provides that

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Tenth Circuit authority requires that an order by this Court pursuant to Rule 54(b) must make the following two express determinations, along with an explanation supporting each determination: (1) the order being certified for entry of judgment is a "final" order, and (2) "there is no just reason to delay" review of the final order until this Court has conclusively ruled on the remaining claims. *Atwell v. Gabow*, No. 06-cv-02262-CMA-MJW, 2009 WL 112492, at *1 (D. Colo. Jan. 15, 2009). This Court now explicitly makes those two findings.

## A. FINALITY

"To be considered 'final,' an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Atwell*, 2009 WL 112492, at *3 (D. Colo. Jan. 15, 2009) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). A "claim" is generally understood to include "all factually or legally connected elements of a case." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Further, a judgment is not final for purposes of Rule 54(b) "unless the claims resolved are distinct and separable from the claims left unresolved." *Id*.

This Court's Order Granting Defendant's Motion for Summary Judgment (Doc. # 71) is final for purposes of Rule 54(b). Plaintiff's Complaint raised a single claim that was based on an alleged violation of the Fair Labor Standards Act. (Doc. # 1 at 2.) Specifically, Plaintiff asserted that he was retaliated against for engaging in activity that is protected by the FLSA in violation of 29 U.S.C. § 215(a)(3). In granting Defendant's

Motion for Summary Judgment regarding Plaintiff's sole claim for relief, this Court concluded that "Plaintiff has failed to provide sufficient evidence from which a rational juror could conclude that Defendant's legitimate, non-retaliatory reason [for Plaintiff's termination] is pretextual," and "Defendant is therefore entitled to summary judgment on Plaintiff's FLSA retaliation claim." (Doc. # 71 at 7.) Accordingly, the Court's Order is final because it is "an ultimate disposition of an individual claim . . . ." *Atwell*, 2009 WL 112492, at *3 (D. Colo. Jan. 15, 2009) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7).

Moreover, Plaintiff's retaliation claim is distinct from Defendant's counterclaims that this Court dismissed without prejudice. *See* (Doc. # 98) (dismissing counterclaims). In its Answer, Defendant raised three counterclaims: (1) civil theft; (2) conversion; and (3) unjust enrichment. (Doc. # 16 at 12–13.) All three counterclaims arise under state law. Plaintiff's retaliation claim, by contrast, arises under federal law, and it is premised on factual allegations that are separate from those implicated in Defendant's counterclaims. *See* (*id*.). Therefore, the resolved claim—i.e. Plaintiff's FLSA claim—is "distinct and separable from the [counter]claims left unresolved." *Bruner*, 259 F.3d at 1242.

## B.    NO JUST REASON FOR DELAY

Both parties have a substantial interest in pursuing an immediate appeal. Defendant has a legitimate desire to see that the legal claim against it is fully and finally adjudicated in a timely manner. Additionally, because Plaintiff's sole claim in this case is at issue, Plaintiff has a significant interest in determining whether his claim will survive. Regardless of whether this Court's Motion for Summary Judgment is upheld or not, the

final resolution of the matter will likely have a significant, if not dispositive, impact on the parties' litigation strategy moving forward. Therefore, there is no just reason to delay the appellate process until after Defendant's counterclaims—which were dismissed without prejudice and are not currently pending—have been finally resolved.

### III.    CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Adjudicate and/or Certify the Final Judgment (Doc. # 109) is GRANTED insofar as it seeks relief under Federal Rule of Civil Procedure 54(b). It is

FURTHER ORDERED that Plaintiff's Motion to Adjudicate and/or Certify the Final Judgment (Doc. # 111), which appears to be a duplicate of (Doc. # 109), is DENIED AS MOOT.

DATED: May 7, 2019                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge